FREDERICK STRATTNER, an infant, by his next friend, SARAH A. STRATTNER, *vs.* THE WILMINGTON CITY ELECTRIC COMPANY.

*Case—Personal Injuries—Master and Servant—Infant—Duty of Master—Duty of Servant—Negligence—Contributory Negligence—Assumption of Risk—Damages.*

1. It is a primary duty of the master to provide for the servant a reasonably safe place to work in, and reasonably safe machinery and appliances with which to

work. Such place, machinery and appliances need not be the latest, the most improved, or the best; but they must be so adapted to, and adequate for, the purposes for which they are to be used as to be reasonably safe under all the conditions of the employment. If the master fails to perform such primary duty, and injury results to the servant from such cause alone, the master will be liable.

2. A servant assumes all the ordinary and apparent risks of his employment.

3. A master is not an insurer of the safety of his servant; but it is his duty to give such instruction and warning to his servant, as to the dangerous character of his employment, as may reasonably enable him to understand the peril to which he is exposed. Such instruction and warning should be measured in each case by the youth, inexperience or ignorance of the servant. The measure of such instruction in case of infancy would be modified according to the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with all the sursoundings and conditions in the particular case, at the time of the injury.

4. But whether the servant was so instructed and warned or not, if he knew the danger to which he was exposed, or in the exercise of reasonable care might have known it, then he assumed the risk, and would not be entitled to recover; as in such case he would be guilty of contributory negligence.

5. The measure of damages stated.

*(June 7, 1901.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J. sitting.

*John Weaver* (of the Philadelphia bar) and *Harry Emmons* for plaintiff.

*J. H. Bloomingston* (of the Chicago bar) and *James W. Ponder* for defendant.

Superior Court, New Castle County, May Term, 1901.

ACTION ON THE CASE (No. 167, May Term, 1900) to recover damages for personal injuries.

The facts appear in the charge of the Court.

LORE, C. J., charging the jury :

Gentlemen of the jury:—The claim in this case is for damages for personal injuries, alleged by the plaintiff to have been received by reason of the negligence of the defendant company.

It is not disputed that on October 18, 1899, the day of the accident, that the plaintiff, then a boy of about seventeen years of age, was in the employ of the defendant company, learning the business of electrical engineering; that on that day the plaintiff was operating switches and taking the registering therefrom of the electric current generated by the company's plant in this city; that he received an electric shock by taking hold of the handles of the right-hand switch and also of the left-hand switch at the same time, thus forming an electric circuit; that by means of such shock he lost both arms, which were so burned that they had to be amputated—one above, the other below, the elbow.

The plaintiff claims that the switches were not properly insulated; that he did not know and was not instructed by the defendant company that there was danger in taking hold of the handles of both switches at the same time.

The defendant, on the other hand, claims that the switches were properly insulated; that the plaintiff was properly instructed by it, and that he knew and assumed the risk.

That the relation of master and servant subsisted between the defendant and the plaintiff, at the time of the accident, is not disputed.

It was therefore the duty of the defendant to provide for the plaintiff a reasonably safe place to work in, and reasonably safe machinery and appliances with which to work in the prosecution of his employment. Such place, machinery and appliances need not have been the latest, the most improved, or the best; but they must have been so adapted to and adequate for the purposes for which they were used to be reasonably safe under all the conditions of the employment.

This was a primary duty of the master, and if the defendant failed to perform it, and the injuries complained of by the plaintiff resulted from that cause alone, he would be entitled to recover.

A servant assumes all the ordinary and apparent risks of his employment.

A master, as such, is not an insurer of the safety of his servant.

It is the duty of the master to give such instruction and warning to his servant, as to the dangerous character of his employment, as may reasonably enable him to understand the peril to which he is exposed. Such instruction and warning should be measured in each case by the youth, inexperience or ignorance of the servant.

If the defendant did not so instruct and warn the plaintiff, and the injuries complained of resulted from that cause alone, then the plaintiff would be entitled to recover.

The measure of such instruction in the case of infancy would be modified according "to the maturity and capacity of the infant, his ability to understand and appreciate the danger, and his familiarity with all the surroundings and conditions in each particular case."

*Weldon vs. P., W. & B. R. R. Co., 2 Pennewill, 14; Tully's Admr. vs. P., W. & B. R. R. Co., Ibid, 541.*

Such maturity, capacity, understanding and familiarity in this case are to be tested by the plaintiff's condition at the time of the accident, and not by any additional maturity or capacity that may have come to him since that time, if any such there be.

But whether the plaintiff was so instructed and warned or not, if he knew the danger to which he was exposed, or in the exercise of reasonable care might have known it, then he assumed the risk and would not be entitled to recover, as in such case he would be guilty of contributory negligence.

There is practically no dispute as to the principles of law governing this case. It is rather a question of what is applicable to the facts disclosed.

The principles of law just announced are well settled. It is for you, under their guidance, to ascertain whether the defendant

SAYERS vs. W. & N. R. R. CO.      249

SYLLABUS.

company was guilty or not of the negligence which caused the injuries complained of by the plaintiff.

If it was not so guilty, your verdict should be for the defendant.

If it was so guilty, your verdict should be for the plaintiff, and for such sum as will reasonably compensate him for all his pain and suffering, in body and in mind in the past, and all that may come to him in the future from such accident; and also for such permanent injuries as may impair his ability to earn a living and perform the ordinary functions and duties of life.

Verdict for plaintiff for $15,000.